UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOUIS DEVINCENTIS,

          Petitioner,

   v.

KENNETH QUINN,

          Respondent.

NO. C06-680JLR-JPD

ORDER

## I. INTRODUCTION

This matter comes before the court on Petitioner Louis DeVincentis's motion for a certificate of appealability under 28 U.S.C. § 2253(c) (Dkt. # 24). Mr. DeVincentis seeks to appeal the court's April 5, 2007 order denying his habeas corpus petition (Dkt. # 21). For the reasons stated below, the court GRANTS in part and DENIES in part the motion (Dkt. # 24).

## II. BACKGROUND

Following a bench trial in 2000, Petitioner Louis DeVincentis was convicted of rape of a child in the second degree and child molestation in the second degree. The trial court, taking into account Mr. DeVincentis's two prior convictions in New York for sex

ORDER – 1

abuse, sentenced him to 240 months, a term that falls within the standard range.  Mr. DeVincentis appealed, and the state appellate courts affirmed his conviction and sentence.  State v. DeVincentis, 47 P.3d 606 (Wash. Ct. App. 2002); State v. DeVincentis, 74 P.3d 119 (Wash. 2003).  Mr. DeVincentis then filed a personal restraint petition, which the Washington Court of Appeals dismissed and the Washington Supreme Court denied review.

Having properly exhausted his state court remedies, Mr. DeVincentis petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254, asserting four grounds for relief.  First, Mr. DeVincentis argues that his trial counsel rendered ineffective assistance by failing to "investigate further" to exclude a prior victim's testimony, which the trial judge admitted to show a common plan.  Second, he contends that his lawyer rendered ineffective assistance by failing to inform him of his right to testify at an evidentiary hearing on the admissibility of this testimony.  Third, Mr. DeVincentis asserts that this alleged failure violated his constitutional right to testify at the evidentiary hearing.  Finally, Mr. DeVincentis claims that the trial court denied his right to have a jury determine whether his two prior New York convictions were "comparable" to the Washington crimes for purposes of calculating his offender score and imposing an increased sentence.  This court denied Mr. DeVincentis's habeas petition in its order adopting the Magistrate Judge's Report and Recommendation ("R&R") (Dkt. # 21).  Mr. DeVincentis now moves for a certificate of appealability.

### III.   ANALYSIS

Among the substantial changes in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is a rule that a habeas petitioner can appeal the denial of a 28 U.S.C. § 2254 petition only after obtaining a "certificate of appealability."  28 U.S.C. § 2253(c).  Although the statute is ambiguous, the Ninth Circuit has held that a United

ORDER – 2

States District Court may issue a certificate of appealability. United States v. Asrar, 116 F.3d 1268, 1269 (9th Cir. 1997). A court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated that a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The decision to issue a certificate of appealability turns not on the court's assessment of the applicant's chances for success on appeal, but whether the appeal would raise material and debatable questions. Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) (noting that courts must focus on "the debatability of the underlying constitutional claim, not the resolution of that debate"). Indeed, a claim is debatable "even though every jurist of reason might agree, after the [certificate] has been granted and the case received full consideration, that petitioner will not prevail." Id. at 338.

Here, the dismissal of Mr. DeVincentis's habeas petition warrants a certificate of appealability only as to his first and fourth grounds for relief. As to his first claim, Mr. DeVincentis argues that the declarations of his daughter, son, and ex-wife show that he did not gradually groom the prior victim in a similar manner to the Washington crimes for admissibility purposes. He contends that if trial counsel had interviewed his family members, he would have discovered enough impeachment evidence to persuade the trial court to exclude the prior victim's testimony.[1] The Court of Appeals evaluated these claims under Strickland v. Washington, 466 U.S. 668 (1984), and concluded that the

---

[1] The trial judge agreed with the prosecution that the prior victim's testimony showed Mr. DeVincentis engaged in the common plan of getting to know young girls through a safe channel, gradually desensitizing them to the sight of him in bikini underwear, and then bringing them into an apparently safe environment where he abused them. The Washington Supreme Court upheld the trial court's evidentiary ruling. See DeVincentis, 74 P.3d 119 at 126.

ORDER – 3

family members' affidavits "would not have rebutted [the prior victim's] testimony, and there is no reasonable probability that they would have altered the result of the [evidentiary] hearing." Admin. R. (Dkt # 11), Ex. 17 at 3.  The Supreme Court Commissioner agreed, and added that trial counsel "was not professionally deficient in declining to call witnesses whose impartiality could be questioned and through whom Mr. DeVicentis's past abuse might be further explored." Id. at Ex. 19 at 4.  This court found the state courts' conclusions objectively reasonable under AEDPA.  Given the fact-specific inquiry involved in ineffective assistance claims, however, the court concludes that reasonable jurists could disagree.

As to his second and third grounds for relief, Mr. DeVincentis argues that he had a constitutional right to testify at the evidentiary hearing on the prior victim's testimony, and that his trial counsel's failure to inform him of that right constituted ineffective assistance.  He contends that his general right to testify on his own behalf extends to the pretrial hearing context, though he admits he cannot point to any binding authority for that proposition.  Mot. at 19.  This court did not disturb the state rulings rejecting these claims because Mr. DeVincentis could not show the disposition was contrary to, or an unreasonable application of, *clearly established* federal law.[2]  Absent a Supreme Court holding directly on point, the court must deny Mr. DeVincentis a certificate of appealability as to his second and third claims regarding his right to testify at the pretrial evidentiary hearing.  See Carey v. Musladin, 127 S. Ct. 649, 654 (2006) (holding that "it cannot be said that the state court 'unreasonably applied clearly established Federal

---

[2] Under AEDPA, the phrase "clearly established federal law, as determined by the Supreme Court" refers to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000) (citing 28 U.S.C. § 2254(d)(1)).

ORDER – 4

law,'" where no Supreme Court ruling directly addressed the potential prejudice caused by spectators' courtroom conduct).

Finally, Mr. DeVincentis claims that the trial court denied his right to have a jury determine whether his New York convictions were "comparable" to the Washington crimes for sentencing purposes. A key difference, he argues, is that the New York criminal statute does not specify whether the government must prove a non-marital relationship between the defendant and the victim. This court dismissed that claim by adopting the Magistrate Judge's R&R, which reasoned that Blakely v. Washington, 542 U.S. 296 (2004), cannot be applied retroactively to upset a final conviction. See Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005) (holding that retroactive application of the Blakely rule is barred under 28 U.S.C. § 2254(d) and Teague v. Lane, 489 U.S. 288 (1989)). The court finds tenuous Mr. DeVincentis's argument that the New York and Washington offenses are not comparable because of Washington's so-called non-marriage requirement. Nonetheless, the court agrees that reasonable jurists could debate whether Blakely announced a new rule, or simply applied the rule announced in Apprendi v. New Jersey, 533 U.S. 466 (2000), and disagree about the correct application of those decisions. See Burton v. Stewart, 127 S. Ct. 793, 794 (2007) (granting certiorari to determine whether Blakely announced a new rule, but declining to resolve issue based on jurisdictional constraints).

## IV.  CONCLUSION

For the foregoing reasons, Mr. DeVincentis's application for a certificate of appealability is GRANTED in part and DENIED in part (Dkt. # 24).

Dated this 16th day of May, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 5